**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                                    **4:11CR00138 JMM**

**DUSTIN WORTHEY**

## ORDER

The Defendant asks the Court to transfer the trial of his case to the Jonesboro Division of this District because (1) the alleged criminal conduct occurred within fifty (50) miles of Jonesboro, Arkansas; (2) the majority of witnesses who will be called at trial live in close proximity to Jonesboro, Arkansas; and (3) it would be an undue burden and expense for the Defendant's family and friends to attend trial in Little Rock, Arkansas.

The United States responds that there are security issues involved in conducting a criminal trial in the Jonesboro Division.  The Defendant is in custody and will remain in custody during the trial.  There is only one Deputy United States Marshal stationed in the Jonesboro Division and the United States Marshal Service does not have the budget to provide more deputies for the trial.  Security issues will arise during morning and evening breaks at trial because there are no private hallways in the Jonesboro Courthouse for moving defendants who are in custody.  Further, the United States notes that under these circumstances it will be difficult to prevent the jury from seeing the Defendant in custody.

"A district court has broad discretion in determining where within a district a trial will be held, and to overturn the court's decision the defendant must prove abuse of that discretion or prejudice."  *United States v. Davis*, 785 F.2d 610, 616 (8th Cir. 1986).  A defendant "does not have a right to have his trial in or jurors summoned from a particular division of the state and

district where the crime was committed." *U.S. v. Richardson,* 537 F.3d 951, 959 (8th Cir. 2008). *See United States v. Stanko*, 528 F.3d 581, 584 (8th Cir. 2008) ("[A] defendant does not have a right to be tried in a particular division."); *United States v. Wipf*, 397 F.3d 677, 686 (8th Cir. 2005) ("The Sixth Amendment does not require jurors to be summoned from a particular division."). Rule 18 of the Federal Rules of Criminal Procedure merely requires the Court to "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. Pro. 18.

The commute from Jonesboro to Little Rock, Arkansas takes approximately two hours and thirty minutes. The Court does not find this amount of travel to be an undue burden for the witnesses or family and friends who want to attend the trial. After balancing the considerations of convenience and security, the Court finds that the trial should be held in the Little Rock Division. Therefore, the Defendant's Motion to Transfer to Jonesboro Division (Docket # 21) is DENIED. The jury trial will be held on September 27, 2011 at 9:15 A.M. in Little Rock Courtroom # 4A.

IT IS SO ORDERED this 7th day of September, 2011.

*[signature]*
James M. Moody
United States District Judge