**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                                                          **4:11CR00138 JMM**

**DUSTIN WORTHEY**

**ORDER**

Pending is the Defendant's Motion for Judgment of Acquittal or for New Trial. The Government has responded. For the reasons set forth below, the Motion is DENIED.

On December 7, 2011, the Defendant was convicted by a jury of the crime of receipt of child pornography, a violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B). Defendant moves the Court to acquit him of the charges, or in the alternative, to grant him a new trial because there was insufficient evidence presented at trial to sustain a conviction. Specifically, Defendant argues that (1) the Government failed to prove that the Defendant accessed the pornographic images and downloaded them; and (2) the Government failed to prove that the images were saved in the computer's permanent memory as opposed to a temporary cache.

A district court must enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction. *U.S. v. Water*, 413 F.3d 812 (8th Cir. 2005). This standard is "very strict" and a jury's verdict should not be overturned lightly. *U.S. v. Ellefson*, 419 F.3d 859 (8th Cir. 2005). A motion for judgment of acquittal based upon insufficient evidence should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. *U.S. v. Cacioppo*, 460 F.3d 1012 (8th Cir. 2006) (quoting *U.S. v. Gomez*, 165 F.3d 650 (8th Cir. 1999)).

In the alternative, Defendant argues that the Court should grant him a new trial because a miscarriage of justice has occurred in this case. Upon a defendant's motion, a court may grant a new trial "if the interest of justice so requires." Fed.R.Crim.P. 33(a). The Court has "broad, but limited, discretion to grant or deny a motion for a new trial based on the sufficiency of the evidence, and it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict. Motions for new trial based on the sufficiency of the evidence are generally disfavored, however, and [u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *U.S. v. Aguilera,* 625 F.3d 482, 486-487 (8th Cir. 2010) (internal quotations omitted).

Defendant argues that the Government failed to prove that he was the person who downloaded and saved the pornographic images on the Toshiba computer. In addition to evidence that child pornography was found on the Toshiba laptop computer found at the Defendant's residence, Officer Toby Rowe testified that the Defendant admitted he had downloaded child pornography. (Tr. 163). Rowe testified that the Defendant said, "Just shoot me. I don't deserve to live. I don't have the guts to do it myself." Officer Rowe asked him why and the Defendant responded, "Because I downloaded child pornography." *Id.* Officer Rowe stated that the Defendant also told him "[t]hat he did not even whack off to the child porn, he did not get any sexual gratification from it, and he did not know why he did it. Dustin then said he had a problem and tried to stop several times. At that point he again repeatedly asked to be killed. . . ." (Tr. 176). Officer Mike Grimes testified that when he told the Defendant and his wife that the State Police were conducting a search at their residence, he heard the Defendant say to his wife, "Well, you are probably going to want to divorce me when this is all over." (Tr.

150-151). The Court finds that there was sufficient evidence at trial for a reasonable jury to find beyond a reasonable doubt that the Defendant was the person who downloaded and saved the child pornography.

The Defendant also argues that there was insufficient evidence at trial that the pornographic images were saved in the computer's permanent memory as opposed to a temporary cache. As the Government explained at trial and in the Response to the Motion for New Trial, the images in this case were not viewed on the Internet. They were obtained from FrostWire, a peer-to-peer file sharing program. Ernest Ward, who is employed with the Jonesboro Police Department, Criminal Investigations Division, Hi-Tech Crime Unit, and a member of the Internet Crimes Against Children Task Force of the Arkansas State Police, explained, "[O]nce the files from FrostWire are downloaded into the incomplete folder, once the last byte is there and the file is complete, it's moved into the saved folder. The saved folder on this machine is also the shared folder that was being shared over the Internet to anyone that had a computer that wanted to download the file." (Tr. 235-36). The Government introduced a screen shot of the saved files folder on the Toshiba, displaying about 27 files out of 40 files that were identified as child pornography by Ward. *Id*; Ex. 6-G. Government's Exhibit 8 was a video created from clips of child pornography videos in the saved folder. (Tr. 237). There was evidence presented that the saved file folder was part of the permanent memory of the Toshiba. Therefore, the Court finds that the evidence presented at trial was sufficient to support the finding that the Defendant knowingly possessed the images of child pornography.

Based upon the evidence presented at trial and a thorough review of the trial transcript, the Court finds there was sufficient evidence for the jury to find beyond a reasonable doubt that

the Defendant knowingly received and possessed pornographic images of children on the hard drive of the Toshiba computer.

       IT IS SO ORDERED this 3rd day of May, 2012.

                                                  _____
                                                  James M. Moody
                                                  United States District Judge