IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:11-CR-00138-JM

DUSTIN WORTHEY

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 152) is DENIED.

**I.   BACKGROUND**

On December 7, 2011 a jury found Defendant guilty of receipt of child pornography and possession of child pornography.[1] On May 22, 2012, he was sentenced to 180 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. No. 62.

[2] Doc. No. 91.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Defendant seeks compassionate release because he asserts that his anxiety, depression, and history of pneumonia put him at higher risk if he contracted COVID-19. First, these health condition are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Furthermore, Defendant has provided no argument or evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 45 years old, so he does not meet the age and minimum served-time requirements under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, a sentence reflecting the severity of the offense.

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

On November 4, 2010, an officer served a search warrant on Defendant's home. When he returned home he admitted that he had been downloading child pornography. A forensic examination of Defendant's computer revealed 24.8 gigabytes of child pornography videos, 204 pictures of child pornography, and 465 pictures of child erotica.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 152) is DENIED.

IT IS SO ORDERED, this 19th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE